**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

_____

**In Re**

DOROTHY E. ALMGREN aka
DOROTHY E. HENSLEY,

**Debtor.**

**Case No. 07-40519**
**Chapter 7**

_____

**MEMORANDUM OF DECISION**
_____

**Appearances:**

      Fred Cooper, Idaho Falls, Idaho, Attorney for Debtor.

      Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorney for Trustee.

*Introduction*

This decision addresses whether a chapter 7 debtor may invoke Idaho's worker compensation law to exempt a Tennessee worker's compensation recovery. The contest began when chapter 7 trustee R. Sam Hopkins ("Trustee") filed Trustee's Objection to [Debtor's] Claim of Exemption. Docket No. 13. Debtor Dorothy E. Almgren responded. Docket No. 15. The Court conducted an evidentiary hearing concerning the objection on November 14, 2007, and took the

MEMORANDUM OF DECISION - 1

issues under advisement for decision. The Court has considered the submissions of the parties, the testimony and evidence presented at the hearing, the arguments of counsel, as well as the applicable law. This Memorandum disposes of the objection and constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.[1]

## *Procedural History*

On July 5, 2007, Debtor filed a voluntary chapter 7 bankruptcy petition and accompanying schedules. Docket No. 1. In Schedule B of assets, Debtor listed a "Work comp claim" worth $69,826.09; on Schedule C, she claimed this asset exempt under Idaho Code §§ 72-802 and 72-1375. Docket No. 1.

Trustee objected to Debtor's claim of exemption arguing that the Idaho statutes are inapplicable to worker's compensation benefits paid pursuant to Tennessee law. Prior to the hearing on Trustee's objection, Debtor amended her Schedule C to claim the worker's compensation claim and benefits exempt under both Idaho law and Tennessee Code §§ 50-6-223 and 26-3-110.

Below, the Court will explain why Debtor's claim of exemption may

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005), and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036.

MEMORANDUM OF DECISION - 2

not be allowed.[2]

### *Relevant Facts*

Debtor has been a long-haul truck driver for approximately 41 years. She has resided in Idaho nearly all her life, and has lived at the same Idaho address for at least the last three years. Several years ago, while working for her previous employer, Debtor learned that drivers working for Western Express received generous wages. She contacted company agents by phone at the Western Express home office in Tennessee, and, at her request, they mailed an employment application to Debtor's home in Idaho. She completed the application, returned it to Tennessee, and several months later, Western Express informed her that she would be hired. It sent a bus ticket to Debtor so she could come to Tennessee to pick up her truck and commence her duties. Debtor did so.

In June, 2003, Debtor was involved in a head-on collision in Pennsylvania while driving her Western Express truck. She was injured in the accident. She later hired a Tennessee lawyer to file a claim under Tennessee's worker's compensation statutes, and was awarded benefits in the amount of

---

[2] Although Trustee did not file a second objection to Debtor's claim of exemption under Tennessee law, at the hearing, the parties agreed the Court should consider Debtor's amended exemption claim, and Trustee's objections thereto, on the merits. Finding no prejudice with such approach, the Court, via this decision, accepts the parties' invitation.

MEMORANDUM OF DECISION - 3

$69,826.09. Debtor testified that on July 5, 2007 – the same day she signed and filed her bankruptcy petition and schedules – she received $51,500 from her attorney, after deduction of his fees. Debtor testified that she may be entitled to further worker's compensation benefits, but she is not sure. Debtor also does not know what amounts may be due to her, nor when they would be paid.

### *Analysis and Disposition*

Trustee objected to Debtor's claim of exemption based upon his contention that Idaho exemption law is inapplicable to protect a worker's compensation claim arising, or benefits payable, under the laws of Tennessee. Debtor argues that the transient nature of her employment and the fact that the trucking company by whom she was employed was headquartered in another state, does not impact her ability to access the Idaho exemption statutes. Rather, Debtor insists that her long residency in Idaho, coupled with the fact that the benefits that have been paid to her are now located in Idaho, should control.

As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter),* 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005). The validity of a claimed exemption is determined as of the date of filing of the bankruptcy petition. § 522(b)(3)(A); *Culver, L.L.C. v.*

MEMORANDUM OF DECISION - 4

*Chiu (In re Chiu),* 226 B.R. 743, 751 (9th Cir. BAP 2001); *In re Yackley*, 03.1 I.B.C.R. 84 (Bankr. D. Idaho 2003). Exemption statutes are to be liberally construed in favor of the debtor. *In re Kline*, 350 B.R. at 502 (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001); *In re Koopal*, 226 B.R. 888, 890 (Bankr. D. Idaho 1998)).

Of course, in bankruptcy cases, individual debtors may exempt certain types of property from administration by the trustee. Under § 522(b)(2), a state may "opt out" of the Federal bankruptcy exemption scheme provided in § 522(d). If it does, debtors filing for bankruptcy relief in that state may claim only that property which would be exempt under the laws "applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition . . . ." § 522(b)(3)(A). Idaho has opted out, and its law specifically precludes a debtor's use of the federal exemption scheme. Idaho Code § 11-609; *In re Katseanes*, ___ I.B.C.R. ___, 2007 WL 2962637 * 4 (Bankr. D. Idaho 2007). As a result, Idaho debtors do not have the option of claiming the § 522(d) federal exemptions.

Under these facts, pursuant to § 522(b)(3)(A), Idaho exemption law

MEMORANDUM OF DECISION - 5

applies. Debtor's counsel conceded such at the hearing.[3] Debtor has lived in Idaho virtually her entire life, but most importantly, at least for the relevant 730 days preceding the filing of her bankruptcy petition. The success of Debtor's exemption claim therefore depends upon the scope of the Idaho exemption statutes.

Debtor relies upon two different Idaho statutes in this case.

Idaho Code § 72-802 provides:

> No claims for compensation *under this law* shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors . . . .

Idaho Code § 72-802 (emphasis supplied). In addition, Idaho Code § 72-1375(3) provides:

> Any assignment, pledge, or encumbrance of any right to benefits which are or may become due or payable *under this chapter* shall be void; and such rights to benefits shall be exempt from levy, execution, attachment, or an order for the payment of attorney's fees. Benefits received by any individual, so long as they are not mingled with other funds of the recipient, shall be exempt from any remedy whatsoever for the collection of debts. Any waiver of any exemption provided for in this subsection shall be void.

Idaho Code § 72-1375(3) (emphasis supplied).

Debtor's right to exempt her Tennessee benefits under these Idaho

---

[3] Accordingly, the Court need not consider whether the worker's compensation benefits at issue here would be exempt under Tennessee law.

MEMORANDUM OF DECISION - 6

laws is precluded by a plain reading of the statutes. They are limited in their application to solely those claims made and compensation awarded "under" Idaho's worker's compensation statutes. The compiler's note to the official version of the statutes following § 72-802 lends support to this interpretation. It observes that "[t]he words 'this law' refer to S.L. 1971, ch. 124, compiled herein as §§ 72-101 – 72-804." Idaho Code § 72-802, Compiler's Notes. In considering the scope of the exclusive jurisdiction granted to the Industrial Commission in Idaho Code § 72-707, the Idaho Supreme Court read a nearly identical compiler's note in another section of Idaho's worker's compensation laws to mean that "this law" refers to

> I.C. §§ 72-101 to 72-805, essentially the entire body of the Worker's Compensation Act. Thus, it appears the legislature's grant of exclusive jurisdiction to the Commission was intended to cover more than just disputes involving injured workers. From the plain words of the statute, the Commission was intended to have exclusive jurisdiction over all disputes arising under the worker's compensations, unless the legislature otherwise provided.

*State v. Quick Transport, Inc.*, 999 P.2d 895, 898 (Idaho 2000). For the same reasons, the Court concludes that the term "this law" in Idaho Code § 72-802 is a reference to Idaho's worker's compensation law, and thus the exemption provided by that section of the Idaho Code protects only those benefits awarded under

MEMORANDUM OF DECISION - 7

Idaho Code §§ 72-101 to 72-805, and not those recovered under a different state's worker's compensation scheme.

The same interpretation also holds true for Idaho Code § 72-1375. The language of that statute is even more specific, restricting its application to benefits "under this chapter." This limitation refers to benefits paid pursuant to Idaho Code Title 72, Chapter 13, Idaho's "Employment Security Law." Idaho Code § 72-1301. Therefore, since Debtor's benefits were paid to her under Tennessee's worker's compensation statutes, they can not be exempted under the Idaho law.

At the hearing, the parties addressed the application of Idaho Code § 72-217 to these facts, which would arguably allow Debtor to recover benefits even though she was injured in another state. That statute provides:

> If an employee, while working outside the territorial limits of this state, suffers an injury . . . on account of which he . . . would have been entitled to the benefits provided by this law had such occurred within this state, such employee . . . shall be entitled to the benefits provided by this law, provided that at the time of the accident causing such injury . . . :
>     (1) His employment is principally localized in this state; or
>     (2) He is working under a contract of hire made in this state in employment not principally localized in any state; or
>     (3) He is working under a contract of hire made in this state in employment principally localized

MEMORANDUM OF DECISION - 8

> in another state, the workmen's compensation law of which is not applicable to his employer; or
> (4) He is working under a contract of hire made in this state for employment outside the United States and Canada.

Idaho Code § 72-217. But it is clear this Idaho statute also does not apply in Debtor's case.

Considering paragraph (2), Debtor's counsel contended that there were sufficient contacts with the State of Idaho to constitute a "contract of hire made in [Idaho]", and further because Debtor's employment involved long haul trucking, such employment was not "principally localized in any state." The Court disagrees.

The evidence does not show that there was a contract of hire made in Idaho. It is undisputed that Debtor lived in Idaho when she 1) initially inquired of Western Express about employment, 2) completed and mailed the employment application, and 3) received notification of the job offer and that the company would send her a bus ticket to travel to Tennessee to commence employment. However, it is apparent that the home offices of Western Express are located in Tennessee; that the hiring decision was made in Tennessee; and, Debtor reported to work in Tennessee to pick up her truck and depart for her first assignment. Under this evidence, this Court concludes that "the contract of hire" for purposes

MEMORANDUM OF DECISION - 9

of Idaho Code § 72-217(2) occurred in Tennessee, not Idaho.

Regarding whether Debtor's employment was "principally localized in any state", the Idaho legislature has defined this term within the statute as follows:

> (1) A person's employment is principally located in this or another state when:
> (a) His employer has a place of business in this or such other state and he regularly works at or from such place of business; or
> (b) He is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

Idaho Code § 72-220.

In this case, there is no evidence that Western Express maintains any place of business in Idaho, and it is undisputed that Debtor did not regularly work at any particular place of business, but rather drove the truck from coast to coast. In addition, while the facts show Debtor is domiciled in Idaho, there was no evidence presented to suggest that Debtor spends any more time working here in Idaho than she does in any other particular locale. In other words, Debtor has not shown that she spends a "substantial part" of her working time in Idaho, and it clear that Debtor's employment was not principally localized in Idaho. Debtor's worker's compensation benefits received under the Tennessee worker's

MEMORANDUM OF DECISION - 10

compensation statutes are not covered by Idaho Code § 72-217.[4]

Debtor may have been able to exempt her compensation recovery from Tennessee under Idaho law had a reciprocity agreement existed between Idaho and that state. The statute authorizing the use of such agreements is Idaho Code § 72-222, which provides:

> For the purpose of effecting mutually satisfactory reciprocal arrangements with other states respecting extraterritorial jurisdictions, the commission is empowered to promulgate special or general regulations not inconsistent with the provisions of this law and, with the approval of the governor, to enter into reciprocal agreements with appropriate boards, commissions, officers or agencies of other states having jurisdiction of workmen's compensation claims.

Idaho Code § 72-222. In Trustee's supporting memorandum, Docket No. 22, he asserts that Idaho only has entered into reciprocity agreements with eight other states, but none exists with Tennessee. Indeed, according to Trustee, the most distant state with which Idaho has a reciprocity agreement is North Dakota. Debtor has not attempted to invoke § 72-222, nor to argue that a reciprocity agreement exists with Tennessee. Therefore, the Court concludes that Debtor's

---

[4] Subparagraph (2) provides that in a situation where the employee is required to "travel regularly in the service of his employer", a written agreement may be entered into that specifies the state in which the employment is to be deemed "principally localized". There appears to be no such written agreement in this case.

MEMORANDUM OF DECISION - 11

benefits also cannot be exempted under Idaho law based upon this statute.[5]

### *Conclusion*

Debtor cannot claim her Tennessee worker's compensation award or benefits exempt under Idaho's worker's compensation statutes. Accordingly, Trustee's objection as to Debtor's claim of exemption will be sustained, and Debtor's exemption claim disallowed. A separate order will be entered.[6]

Dated: December 3, 2007

*signature*

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[5] The information concerning the existence of reciprocity agreements is apparently found in Idaho Industrial Commission literature and on its internet website. The Court was not given any evidence on this point, such as a certified copy of the list of reciprocal states, nor has the Court been asked to take judicial notice of these purported facts. Nevertheless, while it is Trustee's burden to show that the claimed exemption is not proper, it would be Debtor's burden, essentially as a defense, to show that reciprocity with Tennessee exists. She has not done so, and while not stipulating to the list of reciprocal states, her attorney noted in argument that Trustee's asserted list of reciprocal states was likely correct.

[6] The Court expresses no opinion as to whether, under these facts, Debtor's worker's compensation award and benefits may be claimed exempt under some other Idaho statute.

MEMORANDUM OF DECISION - 12